IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT BIRD,

        Defendant.

Case No. 25-CR-043-JFH

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Dismiss Count Two as Multiplicitous and Brief in Support ("Motion") filed by Defendant Robert Bird ("Defendant"). Dkt. No. 29. The United States of America ("Government") filed a response in opposition. Dkt. No. 33. For the following reasons, the Motion is DENIED.

On March 12, 2025, Defendant was charged by indictment with three counts: 1) Murder in Indian Country – Second Degree, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; 2) Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii); 3) Causing the Death of a Person in the Course of a Violation of Title 18, United States Code, Section 924(c), in violation of 18 U.S.C. § 924(j)(1). Dkt. No. 2. Defendant moves to dismiss Count Two, arguing that Count Two is multiplicitous of Count Three. Dkt. No. 29 at 1. The Government agrees that Count Two is a lesser included offense of Count Three and, therefore, is multiplicitous. Dkt. No. 33 at 2. The Government asks, however, that any remedy related to the multiplicitous counts be deferred until after trial as permitted by Tenth Circuit case law and as is within the Court's discretion. *Id.* at 1-3.

"Multiplicity refers to multiple counts of an Indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). Multiplicitous counts "are improper because they allow multiple punishments for a single criminal offense" in violation of the double jeopardy clause of the Constitution. *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002). Allowing multiplicitous counts at trial "may falsely suggest to a jury that a defendant has committed not one but several crimes." *Johnson*, 130 F.3d at 1426 (quotation omitted). "Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue, and will reach a compromised verdict or assume the defendant is guilty on at least some of the charges." *Id.*

However, multiplicity is not fatal to an indictment, and district courts have discretion whether to require the prosecution to elect between multiplicitous counts before trial. *Id.* at 1424, 1426. It is only "multiplicitous sentences [which] violate the Double Jeopardy Clause." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (emphasis added) (quotation omitted). If an indictment results in multiplicitous convictions, the proper remedy "is to vacate one of the underlying convictions as well as the sentence based upon it." *Id.* (quotation omitted). This Court is of the belief that any danger of allowing multiplicitous counts before the jury can be effectively alleviated through the use of proper jury instructions.

Therefore, in exercising its discretion, Defendant's Motion will be denied, and this Court will remedy any possible confusion in its instructions to the jury. Further, should Defendant be convicted of multiplicitous counts, this Court will vacate one of the convictions so that no multiplicitous sentence shall be imposed.

IT IS THEREFORE ORDERED THAT Defendant's Opposed Motion to Dismiss Count Two as Multiplicitous and Brief in Support [Dkt. No. 29] is DENIED.

Dated this 28th day of April 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE